IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANA MILLS                                                                                  PLAINTIFF

v.                          CIVIL NO. 16-5223

NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Dana Mills, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

**I.	Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on July 30, 2013, and January 3, 2014, respectively, alleging an inability to work since July 1, 2011,[2] due to headaches, stroke, carpal tunnel syndrome, shortness of breath, pain, hepatic mass, pulmonary adenopathy, pituitary and rathke cyst. (Doc. 9, pp. 67-68, 80-81, 95, 113). For DIB purposes, Plaintiff maintained insured status through December 31, 2016. (Doc. 9, pp. 67, 113). An administrative hearing was held on December 19, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 9, pp. 34-64).

By written decision dated July 31, 2015, the ALJ found that during the relevant time period, Plaintiff had the following severe impairments: chronic migraines, hepatic mass, chronic pain, shortness of breath, carpal tunnel syndrome, and obesity. (Doc. 9, p. 19). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 9, p. 20). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is limited to frequent handling and fingering bilaterally, and limited to jobs that can be performed while using a hand-held assistive device for prolonged ambulation. (Doc. 9, pp. 20-24). With the help of a vocational expert (VE), the ALJ determined that while Plaintiff was unable to perform her past relevant work, she could perform work as a radio dispatcher, a statistical clerk, and a credit card clerk. (Doc. 9, p. 25).

---

[2] At the December 19, 2014 hearing, Plaintiff amended her alleged onset date from July 1, 2011, to May 6, 2011. (Doc. 9, p. 42).

2

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 29, 2016. (Doc. 9, pp. 6-13). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).[3]

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

---

[3] The Court points out that Plaintiff's brief appears to be in note-taking format, containing incomplete sentences and typographical errors throughout. The Court advises Plaintiff's Counsel to review all documents before filing them with the Court.

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

## III. Discussion:

Plaintiff makes the following arguments on appeal: 1) the ALJ erred in failing to consider the combined effect of Plaintiff's impairments; 2) the ALJ's RFC determination failed

to include the limitations imposed by her alleged impairments of migraine headaches, urinary issues, nausea, vomiting, abdominal pain, shortness of breath, and fatigue; 3) the ALJ's RFC determination of frequent handling and fingering was not supported by substantial evidence and 4) the ALJ's RFC determination failed to include any mental limitations. (Doc. 11).

### A. Combination of Impairments:

Plaintiff argues that the ALJ erred in failing to consider all of her impairments in combination. The ALJ stated that in determining Plaintiff's RFC prior to the expiration of her insured status, he considered "all of the claimant's impairments, including impairments that are not severe." (Doc. 9, pp. 18-19). The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 9, p. 20). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### B. Plaintiff's Impairments:

Plaintiff argues that the ALJ erred in failing to find that Plaintiff's urinary conditions, abdominal pain, nausea, vomiting, fatigue, sarcoidosis, anxiety, and depression were medically determinable and met severity. At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. §§ 404.1520(c), 416.920(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The

5

claimant has the burden of proof of showing he suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

While the ALJ did not find all of Plaintiff's alleged impairments to be severe impairments, the ALJ specifically discussed the alleged impairments in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 404.1545(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 404.1523(c) (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

After reviewing the record, the Court finds that substantial evidence supports the ALJ's findings. The Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

### C. Subjective Complaints and Symptom Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an

ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A Function Report dated March 22, 2014, revealed that Plaintiff's conditions had impacted her daily life to the extent that there were some days when she did not get out of bed. (Doc. 9, p. 279). However, Plaintiff also reported that she while she had help from her children and her father, she continued to assist the children as they got ready for school, take them to school, prepare simple meals, do laundry and clean the house for short periods of time. (Doc. 9, pp. 279-281). Plaintiff also reported that while she rarely drove a car, she would ride in a car, go out alone, shop in stores for food, shop online for clothes and kids' items, spend time with others on the phone or on Facebook, and on occasion attend her children's sporting events. (Doc. 9, pp. 282-283).

With respect to Plaintiff's physical impairments, medical records showed that she was treated conservatively with medication for her migraine headaches and chronic pain. An impairment which can be controlled by treatment or medication is not considered disabling. See Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir.2002) (citations omitted). Plaintiff also underwent a left carpal tunnel release in May of 2014, and medical records indicated that Plaintiff was doing well post-surgery. (Doc. 9, pp. 1071, 1078). Plaintiff and her doctor had already discussed proceeding with carpal tunnel release on her right hand. (Doc. 9, p. 1078).

With respect to Plaintiff's shortness of breath, medical records indicated that she was non-compliant with the use of her CPAP machine. (Doc. 9, pp. 966, 1239). See Dunahoo v. Apfel, 241 F.3d 1033,1038 (8th Cir.2001) (claimant's failure to follow prescribed course of treatment weighed against credibility when assessing subjective complaints of pain).

With respect to any mental impairments Plaintiff might have, the record demonstrated only minimal medical treatment for anxiety or depression. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against Plaintiff's claim of disability). Furthermore, Plaintiff did not allege any mental impairment in her application. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (The fact that she did not allege depression in her application for disability benefits is significant, even if the evidence of depression was later developed).

Therefore, although it is clear that Plaintiff has some limitations, she has not established that she is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Neither the medical evidence nor the reports concerning her daily activities support Plaintiff's contention of total disability. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. The ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005);

Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.645(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." Id.

In the present case, when determining that Plaintiff could perform sedentary work with limitations, the ALJ considered the relevant medical records, the medical opinions from treating, examining, and non-examining physicians, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Plaintiff argues that the ALJ improperly discounted Dr. Rodney Routsong's opinion, finding that Plaintiff was unable to work. After review, the Court finds that the ALJ did not err in discounting the opinion of Dr. Routsong. The ALJ declined to give controlling weight to Dr. Routsong's opinion for good and well-supported reasons. See Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is insufficient to discount [the treating physician's] opinion."). A review further reveals

9

substantial evidence supports the weight that the ALJ gave to the opinions of the treating, examining and non-examining medical consultants.

The ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform sedentary work with limitations. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).

Based on the foregoing, the Court believes the record supports the ALJ's determination that Plaintiff could perform sedentary work with only frequent handling and fingering bilaterally and limited to jobs than can be performed while using a hand-held assistive device for prolonged ambulation.

### D. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a radio dispatcher, a statistical clerk, and a credit card clerk. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.  Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 16th day of August, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE